| PROB 12C (Rev. 08/18) | **VIOLATION REPORT PART 1: PETITION FOR SUMMONS** | **U. S. Probation Office** Eastern District of Michigan | **PACTS** 6181731 | **DATE** 02/04/2021 |
|---|---|---|---|---|
| **NAME** TERRELL, Lonnie | **OFFICER** Natalie Karpac | **JUDGE** Stephen J. Murphy, III | | **DOCKET #** 17-CR-20053-11 |

| **ORIGINAL SENTENCE DATE** 11/20/2019 **COMMENCED** 11/20/2019 **EXPIRATION** 11/19/2021 | **SUPERVISION TYPE** Probation | **CRIMINAL HISTORY CATEGORY** II | **TOTAL OFFENSE LEVEL** 15 | **PHOTO** |
|---|---|---|---|---|
| **ASST. U.S. ATTORNEY** Andrea Hutting | **DEFENSE ATTORNEY** To Be Determined | | | |

**REPORT PURPOSE**

**TO ISSUE A SUMMONS**

**ORIGINAL OFFENSE**

Count 1: 18 U.S.C. §§ 1952(a)(3) and 1952(a)(3)(A), Interstate Travel in Aid of Racketeering

**SENTENCE DISPOSITION**

Probation for a term of two-years.

**ORIGINAL SPECIAL CONDITIONS**

1. You must submit to a psychological/psychiatric evaluation as directed by the probation officer, if necessary.
2. You must submit to substance abuse testing to determine if you have used a prohibited substance.
3. You must participate in an [inpatient/outpatient] alcohol abuse treatment program and follow the rules and regulations of that program, which may include testing. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).
4. You must not use or possess alcohol in any consumable form, nor shall you be in the social company of any person whom you know to be in possession of alcohol or illegal drugs or frequent an establishment where alcohol is served for consumption on the premises, with the exception of restaurants.
5. You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

Criminal Monetary Penalty: Special Assessment $100.00 (paid).

| PROB 12C (Rev. 08/18) | **VIOLATION REPORT PART 1: PETITION FOR SUMMONS** | **U. S. Probation Office** Eastern District of Michigan | **PACTS** 6181731 | **DATE** 02/04/2021 |
|---|---|---|---|---|
| **NAME** TERRELL, Lonnie | **OFFICER** Natalie Karpac | **JUDGE** Stephen J. Murphy, III | | **DOCKET #** 17-CR-20053-11 |

The probation officer believes that the offender has violated the following conditions of Probation:

| VIOLATION NUMBER | NATURE OF NONCOMPLIANCE |
|---|---|
| 1 | **Violation of Mandatory Condition:** "YOU MUST REFRAIN FROM ANY UNLAWFUL USE OF A CONTROLLED SUBSTANCE." |

TERRELL tested positive for marijuana on November 20, 2019; January 6, 2020; and February 5, 2020. Drug testing from March 2020, through September 2020, was unobserved due to COVID-19 regulations. On October 15, 2020, this writer conducted a home visit and advised TERRELL that her drug test would be observed. She admitted to using marijuana. TERRELL tested positive for marijuana again on November 7, 2020.

| 2 | **Violation of Standard Condition No. 2:** "AFTER INITIALLY REPORTING TO THE PROBATION OFFICE, YOU WILL RECEIVE INSTRUCTIONS FROM THE COURT OR THE PROBATION OFFICER ABOUT HOW AND WHEN YOU MUST REPORT TO THE PROBATION OFFICER, AND YOU MUST REPORT TO THE PROBATION OFFICER AS INSTRUCTED." |

Due to temporary closure of the probation office as a result of the COVID-19 pandemic, all in-person reporting has been performed in the field since March 2020. TERRELL's reporting habits have been chronically poor and she has received numerous warnings regarding her reporting habits; however, the issues have continued. Recent evidence is listed below:

*January 2021*: This writer conducted a scheduled home visit on Saturday, January 16, 2021, in order to accommodate TERRELL's work schedule. Her mother indicated that the probationer was not home. TERRELL called shortly after this writer left her house and indicated that she had an argument with her mother, so she stayed "at a friend's house on Groesbeck." This writer asked TERRELL to provide her friend's address so that this writer could meet her there to complete the field visit. TERRELL replied, "You know what, Ms. Karpac? I just don't feel like doing this today." Before hanging up the phone on this writer, TERRELL stated that she would send her friend's location; however, she never did.

The home visit was rescheduled for Thursday, January 21, 2021. TERRELL promised to stay home all day. This writer arrived to TERRELL's residence that morning. The probationer's mother indicated that TERRELL was again not there. This writer spoke to TERRELL on the phone and asked her where she was. She stated that she was "down the street" and told this writer to wait for her. This writer asked her where she was, specifically. TERRELL replied, "10 minutes away." This writer asked again for her specific location and she replied "96 and Telegraph." Realizing that TERRELL was not going to provide the address, this writer ordered to come directly home within ten minutes. TERRELL arrived home about 20 minutes later.

Page **2** of **5**

| PROB 12C<br>(Rev. 08/18) | **VIOLATION REPORT PART 1:<br>PETITION FOR SUMMONS** | **U. S. Probation Office**<br>Eastern District of Michigan | PACTS<br>6181731 | DATE<br>02/04/2021 |
|---|---|---|---|---|
| **NAME**<br>TERRELL, Lonnie | | **OFFICER**<br>Natalie Karpac | **JUDGE**<br>Stephen J. Murphy, III | **DOCKET #**<br>17-CR-20053-11 |

*December 2020*: This writer conducted a scheduled home visit on the morning of December 21, 2020, to accommodate TERELL's work schedule (she had previously reported that she started work at 3:00 p.m. on this date). There was no response at the door, so this writer called TERRELL. The probationer stated that she "had to leave for a meeting" and was on her way back to the house. She arrived at the residence about ten minutes later.

*October 2020*: On October 12, 2020, this writer conducted a scheduled home visit. This writer saw TERRELL's mother outside and asked if the probationer was home. She indicated that TERRELL was not home and did not come home the night before. The probationer called a few minutes after this writer left the residence. TERRELL stated that she was at her girlfriend's house helping her son with online schooling. TERRELL told this writer that her judgment does not say that she cannot stay the night at another person's house. This writer informed the probationer while this was true, she must be present for scheduled home visits at her reported residence. The visit was rescheduled for the afternoon of October 15, 2020.

At approximately 1:00 p.m. on October 15, 2020, the probationer called to ask what time she had to be home by because she lost her wallet and was trying to find it. TERRELL was instructed to be home by 2:45 p.m. at the latest. This writer arrived at the probationer's house at 3:00 p.m. and there was no response at the door. This writer called TERRELL who stated that she was "two minutes away" and "just down the street." She arrived about ten minutes later.

*September 2020*: This writer had a scheduled home visit with TERRELL on September 17, 2020. While this writer was driving to her house, the probationer called and asked how much longer this writer would be. She was informed that that this writer would be arriving in about 15 minutes. TERRELL stated that she would wait at home but had to leave soon to help her girlfriend's son with online schooling. This writer arrived at the residence on time and knocked on the front door. There was no response. This writer called TERRELL who stated that she "would be right out." This writer observed multiple other people coming and going from the side door of the house over several minutes, but TERRELL did not come out. After about 15 minutes, TERRELL came to the front door.

| 3 | **Violation of Standard Condition No. 7:** "YOU MUST WORK FULL-TIME (AT LEAST 30 HOURS PER WEEK) AT A LAWFUL TYPE OF EMPLOYMENT, UNLESS THE PROBATION OFFICER EXCUSES YOU FROM DOING SO." |
|---|---|

Since commencing probation in November 2019, TERRELL has been largely unemployed. She began working part-time at Lucky's Cheesecake (Detroit, Michigan) in March 2020, but was laid off due to the COVID-19 pandemic. From April 2020 through May 2020, she worked for a few weeks at Papa's Pizza (Detroit, Michigan) on a part-time basis. In May 2020, she was briefly re-employed with Lucky's Cheesecake, but the job did not last long.

| PROB 12C (Rev. 08/18) | **VIOLATION REPORT PART 1: PETITION FOR SUMMONS** | **U. S. Probation Office** Eastern District of Michigan | PACTS 6181731 | DATE 02/04/2021 |
|---|---|---|---|---|
| **NAME** TERRELL, Lonnie | **OFFICER** Natalie Karpac | **JUDGE** Stephen J. Murphy, III | | **DOCKET #** 17-CR-20053-11 |

On November 24, 2020, TERRELL started working for We the People of Detroit. The probationer described her new job as "mentoring youth;" however, she has not provided any proof of ongoing employment to the probation department. When this writer has requested employment verification from the probationer in the past, she indicated that she was not being paid by her employer. Once, she indicated that she was paid $200.00 in cash.

**4**  **Violation of Special Condition:** "YOU MUST PARTICIPATE IN A MENTAL HEALTH TREATMENT PROGRAM AND FOLLOW THE RULES AND REGULATIONS OF THAT PROGRAM. THE PROBATION OFFICER IN CONSULATION WITH THE TREATMENT PROVIDER, WILL SUPERVISE YOUR PARTICIPATION IN THE PROGRAM."

On September 18, 2020, TERRELL was referred to Shanle Psychological Services (Lincoln Park, Michigan) for a psychiatric evaluation and mental health treatment. Her intake session was scheduled for September 24, 2020. TERRELL failed to appear. The appointment was rescheduled for October 8, 2020. The probationer again failed to appear.

On November 12, 2020, TERRELL participated in a psychiatric evaluation at Shanle Psychiatric Services. The probationer was diagnosed with major depression, anxiety disorder, and insomnia. She was prescribed Remeron 15mg to treat her conditions; however, TERRELL has not picked up her prescription from the pharmacy.

The probationer lost her phone in the first half of December 2020, and missed a treatment session on December 3, 2020, because treatment is currently being conducted via telehealth (due to the COVID-19 pandemic). She also missed a telehealth medication review appointment on December 10, 2020, because of her phone issue.

TERRELL missed a telehealth treatment session on January 7, 2021, despite her therapist's efforts to reach her. On January 21, 2021, Ms. Madden called the probationer again for a telehealth session. Ms. Madden informed this writer that they were "on the call for about ten minutes and then [TERRELL's] device died." This was considered a "missed appointment" as they were unable to complete the 45-minute session.

| PROB 12C<br>(Rev. 08/18) | **VIOLATION REPORT PART 1:**<br>**PETITION FOR SUMMONS** | **U. S. Probation Office**<br>Eastern District of Michigan | PACTS<br>6181731 | DATE<br>02/04/2021 |
|---|---|---|---|---|
| **NAME**<br>TERRELL, Lonnie | **OFFICER**<br>Natalie Karpac | **JUDGE**<br>Stephen J. Murphy, III | | **DOCKET #**<br>17-CR-20053-11 |

| **I declare under penalty of perjury that the foregoing is true and correct.**<br>**PROBATION OFFICER**<br>s/Natalie Karpac/lat<br>(313) 234-5440 | **DISTRIBUTION**<br>Court |
|---|---|
| **SUPERVISING PROBATION OFFICER**<br>s/Ann R. Smith<br>(734) 741-2076 | **PROBATION ROUTING**<br>Data Entry |

**THE COURT ORDERS:**

[X]  The Issuance of a Summons

[ ]  Other


        s/Stephen J. Murphy, III
        United States District Judge

        2/5/2021
        Date